NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANNA D. MIMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-9286-BRM |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | : OPINION |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Anna D. Mims's ("Mims") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner"),[1] denying her application for disability insurance benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.     BACKGROUND**

On March 11, 2014, Mims protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability since May 9, 2010. (Tr. 81, 194-95.) The claim was denied initially on September 16, 2014, and denied upon reconsideration on February 19,

---

[1] Upon the Appeals Council's Order denying Mims's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-6.)

2015. (Tr. 103-07, 120-26.) Mims filed a written request for a hearing on March 3, 2017. (Tr. 133-35.) She appeared and testified at the hearing held on May 3, 2015. (Tr. 30-67.) On September 28, 2017, the ALJ found Mims was not disabled. (Tr. 15-24.) Specifically, the ALJ found Mims did not engage in substantial gainful activity, had a severe impairment, but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, and that she has the residual functional capacity to perform sedentary. (Tr. 17-18.) The Appeals Council denied Mims's request for review. (Tr. 1-6.) Therefore, having exhausted her administrative remedies, she brought this appeal on May 15, 2018. (ECF No. 1.)

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970

F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

### III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do

most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

4

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

## IV. DECISION

Mims argues the ALJ erred at step-five when she determined Mims had the RFC to perform sedentary work, with the ability to sit two hours in an eight-hour work day. (ECF No. 12 at 5-6.) The Commissioner argues the ALJ's RFC written decision limiting Mims to only two hours of sitting was a "scrivener's error," and that the ALJ meant six hours. (ECF No. 13 at 4-7.) Notably, Mims does not dispute the ALJ's interpretation of the medical record or step five finding that she can perform jobs in the national economy. She merely argues the RFC in the ALJ's written decision limiting her to only two hours of sitting does not comport with sedentary work as defined in 20 C.F.R. § 404.1567(a).

As such, the Court must determine whether the ALJ's written decision stating Mims had the ability to sit for two hours in an eight-hour work day was a typographical or scrivener's error. If it was a typographical or scrivener's error, then the Court "may treat it as such and proceed without analysis of whether the ALJ's [RFC] determination is supported by substantial evidence. If it is not apparent/clear that the error was a typographical error, then we must remand the matter back to the Commissioner for further proceedings." *Kriebel v. Astrue*, No. 10-152E, 2012 WL 1032467, at *10 (W.D. Pa. Mar. 27, 2012).

"At step five of the sequential evaluation process, the Commissioner must determine whether Plaintiff can perform work that exists in the national economy based on her [RFC]." *Kriebel*, 2012 WL 1032467, at *10. The RFC is expressed in terms of "the physical exertion requirements of work in the national economy, [such as] sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. Sedentary work is defined as work that

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

> carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*Id.* § 404.1567(b). This definition is clarified in Social Security Rule 83-10:

> The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 312151 (S.S.A. 1983). Therefore, to be able to perform sedentary work, a claimant must be able to sit for "approximately 6 hours." *Id.*

At the hearing, the ALJ posed the following hypothetical to the VE:

> Q . . . . I'd like you to consider the following hypothetical individual and consider an individual that is someone of the Claimant's age, background, experience, and education. And consider that the individual is at the light level of exertion such that they're able to lift or carry up to 20 pounds occasionally, less than 10 pounds frequently. Stand or walk for six out of eight, I'm sorry, change that to stand or walk for four out of eight hours and *sit for six out of eight hours*. The individual can occasionally climb ramps and stairs, balance, kneel, stoop, and crouch. The individual cannot crawl, climb ladders, ropes, or scaffolds. The individual would be off-task 10 percent of the workday due to the impairments. Would such an individual be able to perform the Claimant's past work?

7

>A No, Your Honor, exertional level alone would preclude past work.
>
>Q And if we were to drop the individual down to the sedentary level of work instead of the light, would the individual be able to find work in the national economy? And by sedentary, I mean 10 pounds occasionally, less than 10 pounds frequently, to stand and walk for two out of eight hours and *sit for six out of eight hours*. Otherwise the hypothetical remains the same. Would there be work in the national economy for such an individual?

(Tr. 63.) In response to the above limitations, the VE identified three jobs that Mims could perform with the limitation of sitting for six out of eight hours in a day. (Tr. 64.)

However, in her decision, the ALJ wrote that Mims had the RFC to perform sedentary work and that she can "**sit 2 hours in an 8 hour work day**." (Tr. 20.) The ALJ further noted that "[b]ased on the testimony of the [VE], the undersigned concludes that, through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (Tr. 24.)

Here, Mims argues that the difference between the RFC determined by the ALJ in her decision where she stated Mims can only sit for two hours in an eight-hour day, and the hypothetical posed to the VE at the hearing, where the ALJ described sedentary work as sitting for approximately six hours in an eighth hour day, cannot be overlooked. Therefore, rendering the ALJ's decision erroneous. The Commissioner, however, argues that although the ALJ mistakenly indicated two hours, a review of the hearing transcript demonstrates that the ALJ meant six hours because the ALJ asked the VE to consider that Mims could sit for approximately six hours in an eight-hour day.

This matter is like *Kriebel*. In *Kriebel*, the ALJ asked the VE to identify jobs with "low stress." *Kriebel*, 2012 WL 1032467, at *12. However, in his written decision the ALJ stated that

the plaintiff had the RFC to handle jobs that "do not involve stress." *Id.* The court determined the ALJ's written statement was merely a scrivener's error:

> By virtue of the ALJ's complete analysis proceeding through to Step 5, we understand that he did not consider Plaintiff to have such debilitating medical issues so as to not be able to tolerate any stress in the workplace. The Plaintiff refers to Social Security Ruling 85–15 to support her contention that the Commissioner has previously ruled that there is no such job that is completely without stress . . . therefore, any scenario proposed to the VE would be moot if the ALJ considered Plaintiff to be unable to tolerate any stress. There would simply be no job possibilities in the economy. However, based on the transcript of the hearing and the ALJ's evaluation of Plaintiff's medical limitations, it is our understanding that he did not intend that "no-stress" jobs would be necessary for Plaintiff. In fact, the ALJ proposed several different limitation scenarios to the VE, none of which indicated a job with no stress, to gain insight to job possibilities in the economy that would suit Plaintiff. Therefore, the designation of a job without stress in the ALJ's decision may be considered merely a typographical error not having any effect on the outcome of the case and, therefore, does not necessitate remand.

*Id.*

Here, because the ALJ provided an accurate description to the VE in asking for occupations that may be available for a person such as Mims, who, among other restrictions, could sit for approximately six hours, and in her written decision indicated she was relying on the VE's testimony in making her determination, the Court finds that the ALJ's later written statement stating Mims could only sit for two hours in a day was merely a scrivener's error. It is apparent that the error was merely a typographical error. *Kriebel*, 2012 WL 1032467, at *10. Accordingly, the ALJ's decision and Commissioner's denial of review of that decision are **AFFIRMED**.

## V.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.

**Date:** March 25, 2019  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE